## Charlie Smith, Appellee, v. Fred A. Brandt, Appellant.

### Gen. No. 5432.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Assumpsit. Appeal from the Circuit Court of Whiteside county; the Hon. F. D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

HENRY C. WARD, for appellant.

J. J. LUDENS, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is an appeal by Fred A. Brandt from a judg-

ment rendered against him in the Circuit Court of Whiteside county in favor of Charlie Smith for money arising from the sale of a house and lot owned by him.

In January, 1910, appellee owned, subject to a mortgage of $250, a house and lot in Sterling. He had no money or other property. He could not read or write or transact his own business. He and his wife lived in the house. She died and he went to Chicago to live with a sister. He wanted to sell the Sterling property to pay his debts. Previous to going to live with his sister, she came to Sterling and they placed the property with appellant to sell. He later obtained a deed to the property and exchanged appellee's equity therein for twenty acres of Lee county land, paid the funeral expenses of appellee's wife, some taxes, interest, expenses of making the deed, and sent appellee a draft for $15, claiming that after appellee had removed to Chicago it had been agreed that appellee would let the place go for the funeral and other expenses and $15. Appellee denied making such an agreement, did not receive the draft, and brought this suit to recover what he claimed was due him. The case was tried without a jury. No propositions of law were requested. The court found the issues for Smith and entered judgment for $169.72.

The evidence is conflicting as to the terms of the contract, the value of appellee's property and the value of the property taken by appellant in exchange for the same. There is evidence supporting the amount of the judgment rendered, and other evidence that appellee agreed to take the funeral, other expenses and $15 for the property. The trial judge saw the witnesses, heard them testify, and decided the facts in a way that amounted to a compromise, not giving appellee near as much as his proof would warrant but more than appellant's proof would warrant.

We see no reason for disturbing the judgment and it is therefore affirmed.

*Affirmed.*